IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NORRIS MORGAN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:17-CV-0047-D |
| ) | |
| TEXAS DEPARTMENT OF STATE ) | |
| HEALTH SERVICES, ) | |
| ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to the *Standing Order of Reference*, filed April 4, 2017 (doc. 18), this *pro se* case has been referred for pretrial management. Before the Court is *Defendant's 12(b)(6) Motion to Dismiss*, filed February 21, 2017. (doc. 10.) Based on the relevant filings and applicable law, the motion should be **GRANTED** and the plaintiff's remaining claims should be dismissed *sua sponte*, unless he timely files an amended complaint.

**I. BACKGROUND**

On January 6, 2017, Norris Morgan (Plaintiff) filed suit against Texas Department of State Health Services (Defendant), alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964, violations of the Family and Medical Leave Act (FMLA), and general "Labor Law violations."[1] (doc. 3 at 1, 6, 19, 67-68.)[2] He also alleges criminal violations by personnel at Terrell State Hospital (the Hospital). (*See id.* at 17, 20-21, 58.) Plaintiff seeks $3,960.81 in actual damages and $100 million in punitive damages. (*Id.* at 2-3.)

Plaintiff worked as a Psychiatric Nursing Assistant IV (PNA IV) at the Hospital. (*Id.* at 33.)

---

[1] Plaintiff's complaint lists six separate "complaints" in these three categories. (doc. 3. at 1.)

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

His wife underwent treatment for cancer in late 2013 and 2014, and on December 27, 2013, he submitted a "request for extended sick leave pool" to spend time with her. (*See id.* at 1, 4-5, 17, 33.) He was told that it would be approved, but his supervisor failed to process the paperwork for approximately one month and 10 days. (*Id.* at 1, 4, 33.) Plaintiff contends this delay caused him "great financial harm" before it was finally granted. (*Id.* at 1, 33.)

Plaintiff went on leave in January 2014 and requested additional time off before he was scheduled to return to work, but that request was denied. (*See id.* at 1, 17, 24, 33.) On May 30, 2014, he was "called and harassed" by his supervisor to return to work because his leave had been exhausted. (*Id.* at 17, 33.) When Plaintiff returned to work, he alleges that his vacation and sick time were "stolen" from him by two employees of a different race, that several employees at the Hospital assisted in a cover up regarding the stolen time, and that he was treated differently than other PNA IVs at the Hospital. (*Id.* at 1, 25, 64-65, 67-69.) For example, Plaintiff alleges that when he returned from leave, he was not off every other weekend as all other PNA IVs were. (*Id.* at 1.)

On July 5, 2014, Plaintiff emailed the Executive Commissioner of Texas Health and Human Services Commission about the denial of additional leave. (*See id.* at 5.) The Deputy Executive Commissioner for System Support Services sent him a letter in response on July 10, 2014. (*Id.*) He explained that the time and attendance records showed that Plaintiff had exhausted all available leave benefits, including all accrued leave and sick leave pool benefits as well as more than 12 weeks of FMLA leave. (*Id.*) Plaintiff disagreed and repeatedly demanded that the Hospital have several hospital personnel arrested and charged with felonies. (*See id.* at 17, 20-21, 58.)

On July 8, 2015 Plaintiff filed a Charge of Discrimination with the Texas Workforce Commission Civil Rights Division and the Equal Employment Opportunity Commission (EEOC),

2

alleging racial discrimination from December 30, 2013 to July 16, 2014.[3] (*Id.* at 33.) The charge was stamped as received by the EEOC's Dallas office on July 15, 2015. (*Id.*) It alleged: "I believe that I was discriminated against because my Race-Black, in violation of Title VII of the Civil Rights Act of 1964, as amended in that the coworkers not in my protected class were given extended medical leave time when necessary." (*Id.* at 33.)

Plaintiff's conflict with Defendant over his hours continued into 2016, and he refused to certify his hours from September 2015 through September 2016. (*Id.* at 54-55, 59.) In November 2016, the "firing process" was started as a result of his failure to certify his hours.[4] (*See id.* at 28, 42, 67.) On December 5, 2016, Plaintiff received an email from an EEOC investigator stating, "None of this information shows that you were treated differently because of your Race-Black," and that the EEOC would dismiss the charge and issue a Right to Sue letter if he did not provide the investigator additional proof by December 15, 2016.[5] (*Id.* at 13-14.)

On January 6, 2017, Plaintiff filed this suit, and Defendant filed a motion to dismiss on February 21, 2017. (docs. 3, 10.) On February 27, 2017, Plaintiff filed a motion that was liberally construed as his response, and the motion is now ripe for recommendation. (docs. 12, 19.)

## II. MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's Title VII discrimination claims under Rule 12(b)(6).

---

[3] Although signed on July 8, 2015, and received by the Dallas EEOC office on July 15, 2015, Plaintiff does not actually allege when he submitted his charge. Because his well-pleaded facts must be accepted as true and viewed in the light most favorable to him, *Baker*, 75 F.3d at 196, the earlier date is used as the date of submission.

[4] Some of the emails submitted by Plaintiff with his complaint contradict his allegation that Defendant initiated a "firing process." (*See* doc. 3 at 27) (noting "[t]here is no 'firing process', and as outlined within the PC due to your compliance and certification on that date, there would be no need for progression along the Positive Performance Program unless there was a continued failure to certify your time").

[5] Plaintiff does not provide a Right to Sue letter with his complaint or state when it was received. (*See* doc. 3.)

3

(doc. 10 at 3.)

**A.     Legal Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is *plausible on its face*." *Id.* at 570 (emphasis added).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and

4

plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted).  When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678 (noting that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. "Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Likewise, documents "attache[d] to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his or her] claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003).  It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

Here, Defendant relies on the Charge of Discrimination Plaintiff signed on July 8, 2015, that was and received by the Dallas EEOC office on July 15, 2015. (*See* docs. 10 at 3-5; 10-1 at 3.) Because it was attached to the complaint, Defendant does not rely on any matters outside of the pleadings to support its motion to dismiss. (*See* doc. 3 at 33.)  Conversion of Defendant's motion to dismiss into a motion for summary judgment is therefore unnecessary. *See Collins*, 224 F.3d at 499; *Katrina Canal Breaches Litig.*, 495 F.3d at 205.

**B.     Failure to Exhaust Administrative Remedies**

Defendant moves to dismiss Plaintiff's claims because he did not exhaust his administrative remedies before filing suit by timely filing a Charge of Discrimination. (doc. 10 at 3-5.)

Before an individual can pursue a Title VII claim in federal court, he must exhaust his available administrative remedies by filing a charge with the EEOC. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002).

The complainant must file the charge with the EEOC within 180 days after the alleged unlawful practice occurred. *See* 42 U.S.C. § 2000e-5(e)(1); *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 109 n.1 (2002). In a "deferral state" like Texas, the charge must be filed within 300 days of the alleged unlawful act.[6] *Martin v. Lennox Int'l Inc.*, 342 F. App'x 15, 18 (5th Cir. 2009) (per curiam). If the EEOC determines that there is no reasonable cause to believe that an unlawful employment practice has occurred, the EEOC issues a right-to-sue letter informing the party that it has a right to sue in federal court within 90 days of the receipt of the letter. *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 411 (5th Cir. 2003) (citing 29 C.F.R. § 1601.19(a)). Timely filing of an EEOC complaint is not a jurisdictional requirement; the limitations period is subject to estoppel and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 521 (5th Cir. 2008). A plaintiff who does not file a charge within

---

[6] Plaintiff has not alleged that he first initiated state agency proceedings before filing his charge with the EEOC. (*See* doc. 3.) Some, but not all, courts appear to require a plaintiff to actually file with the state agency to trigger the elongated 300-day filing provision in deferral states. *See, e.g., Griffin v. City of Dallas*, 26 F.3d 610, 612 (5th Cir. 1994) (extending period to 300 days in a Title VII case because the "complainant [had] instituted state or local proceedings"); *Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 976 (N.D. Tex. 2011) (same); *Profit v. Klein Indep. Sch. Dist.*, No. H-14-0850, 2015 WL 3866720, at *5 (S.D. Tex. June 23, 2015) ("The plaintiff must file a charge of disability discrimination with the [EEOC] within 180 days of the illegal act, or within 300 days if she has filed a complaint with the state or local agency."); *Simotas v. Kelsey-Seybold*, 211 F. App'x 273, 275 (5th Cir. 2006) (per curiam) (extending the ADA charge period to 300 days because Texas is a deferral state). The charge appears to have been submitted to both the EEOC and the state agency at the same time. (*See* doc. 3 at 33.)

300 days bears the burden of showing a factual basis for tolling the limitations period. *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644 (5th Cir. 1988). Equitable tolling applies only in "rare and exceptional circumstances," however. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Here, Plaintiff signed his charge on July 8, 2015, alleging racial discrimination from December 30, 2013 to July 16, 2014. (doc. 3 at 33.) It alleged: "I believe that I was discriminated against because my Race-Black, in violation of Title VII of the Civil Rights Act of 1964, as amended in that the coworkers not in my protected class were given extended medical leave time when necessary." (*Id.* at 33.) All of the alleged discriminatory activity related to his extended medical leave request—including his request for extended sick leave on December 27, 2013, his supervisor's processing of his paperwork on February 7, 2014, and his supervisor's call to return to work—occurred more than 300 days before Plaintiff filed his charge. Similarly, the alleged discrimination range of December 30, 2013 to July 16, 2014 occurred more than 300 days before Plaintiff filed his charge. Even if it was submitted on the same day he signed it, Plaintiff did not timely file his charge with the EEOC.

As noted, a plaintiff who does not file a charge within 300 days bears the burden of showing a factual basis for tolling the limitations period, *Blumberg*, 848 F.2d at 644, and that equitable tolling applies only in "rare and exceptional circumstances," *Davis*, 158 F.3d at 811. The Fifth Circuit has recognized that equitable tolling may be warranted where a suit between the same parties is pending, where the plaintiff is unaware of the facts giving rise to the claim, or where the EEOC misled the plaintiff about the nature of his rights. *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995).

Plaintiff does not allege a basis for equitable tolling in his complaint, or any of the

7

circumstances recognized by the Fifth Circuit that might warrant equitable tolling. (*See* doc. 3.) He responds only that the delay in filing his charge was not his fault and that he "promptly" responded to a letter from the EEOC with a Charge of Discrimination form for him to complete and return. (doc. 12 at 1, 7.) Even if he promptly returned the charge after it was mailed to him on June 30, 2015, he has not alleged any basis for equitable tolling or shown how he exercised due diligence. *See, e.g., Wilson*, 65 F.3d at 404-05 (rejecting a plaintiff's equitable tolling argument because she failed to meet her burden); *see also Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (per curiam) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); *Pacheco v. Rice*, 966 F.2d 904, 906 (5th Cir. 1992) (requiring due diligence to warrant equitable tolling). Because Plaintiff did not timely file his charge and has not alleged any facts to support a plausible claim for equitable tolling, his discrimination claim should be dismissed.[7]

### III. *SUA SPONTE* DISMISSAL

A court may *sua sponte* dismiss a plaintiff's claims on its own motion under Rule 12(b)(6) for failure to state a claim as long as the plaintiff has notice of the Court's intention and an opportunity respond. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). "The fourteen-day time frame for filing objections to a recommended dismissal provides Plaintiff with notice and an opportunity to respond." *Fantroy v. First Fin. Bank, N.A.*, No. 3:12-CV-0082-N (BH), 2012 WL 6764551, at *7 (N.D. Tex. Dec. 10, 2012), *adopted by* 2013 WL 55669 (N.D. Tex. Jan. 4, 2013) (citing *Ratcliff v. Coker*, No. 9:08-CV-127, 2008 WL 4500321, at *3 n.1 (E.D. Tex. Sept. 26, 2008)).

---

[7] Plaintiff's complaint also generally alleges that "[Defendant] also hire[s] non[-]minorities over minorities that have worked many, many years in supervisory position[s] over them!!!" (doc. 3 at 19) (emphasis omitted). Because this allegation does not appear to have been listed in the charge, Plaintiff has not exhausted his administrative remedies regarding those allegations.

8

A.   **FMLA**

Plaintiff alleges claims under the FMLA based on the delayed approval of his request for leave, and based on alleged retaliation after he returned to work following his leave. (doc. 3 at 1.)

"The FMLA has two distinct sets of provisions, which together seek to meet the needs of families and employees and to accommodate the legitimate interests of employers." *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (per curiam) (internal quotations omitted). The first set of provisions are prescriptive and provide a series of substantive rights. *See id.*; *see also Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 763 (5th Cir. 2001), *abrogated on other grounds by Wheat v. Fla. Par. Juvenile Justice Comm'n*, 811 F.3d 702 (5th Cir. 2016). For instance, "[t]he FMLA allows eligible employees to take up to twelve weeks of leave in any one-year period to address a family member's or the employee's own serious health condition." *Bryant v. Tex. Dep't of Aging & Disability Servs.*, 781 F.3d 764, 768 (5th Cir. 2015) (citing 29 U.S.C. § 2612(a)(1)(C)-(D)). An employer is required to restore the employee to the position he or she occupied prior to his or her leave, or its equivalent. *Ariza v. Loomis Armored US, L.L.C.*, ___ F. App'x ___, No. 16-30131, 2017 WL 218011, at *3 (5th Cir. 2017) (per curiam) (citing 29 U.S.C. § 2614(a)(1)). Claims for violations of these prescriptive rights are brought under § 2615(a)(1), which makes it unlawful for an employer to interfere with, restrain, or deny the exercise or attempted right of FMLA rights. *See Haley v. Alliance Compressor LLC*, 391 F.3d 644, 649 (5th Cir. 2004). The second set of provisions in the FMLA are proscriptive in nature and "bar employers from penalizing employees and other individuals for exercising their rights."[8] *Elsensohn*,

---

[8] As explained by the Fifth Circuit:

This court has, at times, classified claims brought under Section 2615(a)(1) as "prescriptive" and claims brought under 2615(a)(2) as "proscriptive." *See Cuellar v. Keppel Amfels, L.L.C.*, 731 F.3d

9

530 F.3d at 372. "The proscriptive FMLA rights include an employee's right not to be discriminated or retaliated against for having exercised the right to take FMLA leave." *Haley*, 391 F.3d at 649. Claims for violations of these proscriptive rights are brought under 29 U.S.C. § 2615(a)(2). *Haley*, 391 F.3d at 649 (citing *Bocalbos v. Nat'l W. Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir. 1998)). An employee may bring a suit to enforce his or her prescriptive or proscriptive rights pursuant to 29 U.S.C. § 2617(a).

### 1. *Prescriptive Claim*

To obtain relief under the prescriptive provisions of the FMLA, a plaintiff must not only prove that the employer violated § 2615 by interfering with, restraining, or denying him exercise of FMLA rights, but also that he was prejudiced by this violation. *See Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002); *Acker v. General Motors, L.L.C.*, 853 F.3d 784, 788 (5th Cir. 2017) (noting that an interference claim under the FMLA also requires the plaintiff to show that the violation prejudiced him). "Prejudice is a 'real impairment' of an employee's FMLA rights." *Villegas v. Albertsons, LLC*, 96 F. Supp. 3d 624, 634 (W.D. Tex. 2015) (citing *Downey v. Strain*, 510 F.3d 534, 540 (5th Cir. 2007). This is because "[an] employer is only liable for compensation and benefits lost 'by reason of the violation,' for other monetary losses sustained "as a direct result of the violation,' and for 'appropriate' equitable relief including employment, reinstatement, and promotion." *Ragsdale*., 535 U.S. at 89 (citing 29 U.S.C. § 2617(a)(1)). "The remedy is tailored to the harm suffered." *Id.* (citation omitted).

Here, Plaintiff alleges that after he requested leave, he was required to complete specific

---

342, 349 n. 2 (5th Cir.2013) (Elrod, J., concurring) (collecting cases). At other times, this court has labeled the claims "interference" and "retaliation" claims. *See id.*

*Bryant*, 781 F.3d at 768.

paperwork and provide certain paperwork from his wife's doctors before the leave was approved. (doc. 3 at 1, 68.) He claims that Defendant took over a month to approve his request and that he suffered "great financial harm" as a result of Defendant's delay, but that it was granted. (*Id.*) An employer may request that an employee's FMLA leave be supported by a certification issued by the affected person's health care provider.[9] 29 U.S.C. § 2613(a); *see, e.g., Crane v. Gore Design Completion, Ltd.*, 21 F. Supp. 3d 769, 775-76 (W.D. Tex. 2014) (noting "[a]n employer may request that an employee's FMLA leave be supported by a certification issued by the employee's health care provider"). Plaintiff does not allege that he timely submitted all requested documentation prior to the delay. (*See* doc. 3.) The complaint and documents submitted with the complaint suggest that the delay may have resulted from the need for additional documentation. (*See id.* at 1, 7.)

Nevertheless, even if Plaintiff has sufficiently alleged that Defendant interfered with FMLA rights, he has not alleged that he was prejudiced by this violation. He alleges only that he suffered "great financial harm" as a result of Defendant's delay in processing his application, but he does not allege any facts that support this allegation. (*See id.*) Nor does he allege that he did not receive the leave to which he was entitled under the FMLA. (*See id.*) Even accepting Plaintiff's well-pleaded facts as true and viewing them in the light most favorable to him, he has alleged that he requested FMLA leave on December 27, 2013, went on FMLA leave in January 2014, and returned to work sometime at the end of May 2014 or beginning of June 2014 when he was informed his leave was

---

[9] Section 2613(a) states:

> An employer may require that a request for leave under subparagraph (C) or (D) of paragraph (1) or paragraph (3) of section 2612(a) of this title be supported by a certification issued by the health care provider of the eligible employee or of the son, daughter, spouse, or parent of the employee, or of the next of kin of an individual in the case of leave taken under such paragraph (3), as appropriate. The employee shall provide, in a timely manner, a copy of such certification to the employer.

29 U.S.C. § 2613(a).

exhausted. (*See id.* at 1, 17, 24, 33.) Plaintiff has alleged that he received the FMLA leave to which he was entitled; he has failed to allege that he was prejudiced by any violation. *See, e.g., Mercer v. Arbor E&T, LLC*, No. 11-CV-3600, 2013 WL 164107, at *16 (S.D. Tex. Jan. 15, 2013) (granting summary judgment on a plaintiff's FMLA claim because the plaintiff "ha[d] not articulated how her FMLA rights were impaired by [the defendants'] alleged actions. She requested, and was given, 12 weeks of FMLA leave. This is all she was entitled to receive by law"); *Arismendiz v. Univ. of Tex. at El Paso*, 536 F. Supp. 2d 710, 716 (W.D. Tex. 2008) (granting summary judgment on a plaintiff's FMLA interference claim when "the undisputed facts and the evidence show[ed] that [the plaintiff] was not actually deterred from asking for FMLA leave and that she received all the FMLA leave that she sought"). He therefore cannot obtain relief under a prescriptive FMLA claim. *See Ragsdale*, 535 U.S. at 89; *Richardson v. Monitronics Int'l, Inc.*, No. 3:02-CV-2338-N, 2004 WL 287730, at *2-4 (N.D. Tex. Jan.27, 2004). His prescriptive FMLA claim should be dismissed *sua sponte* for failure to state a claim.

### *2.     Proscriptive Retaliation Claim*

To state a *prima facie* case for retaliation under the FMLA, a plaintiff must allege that "1) he was protected under the FMLA; 2) he suffered an adverse employment action; and 3) he was treated less favorably than an employee who had not requested leave under the FMLA or the adverse decision was made because he sought protection under the FMLA." *Acker*, 853 F.3d at 788 (quoting *Mauder v. Metro. Transit Auth. of Harris Cty.*, 446 F.3d 574, 583 (5th Cir. 2006)); *see also Richardson v. Monitronics In'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005). "The third element requires the employee to show 'there is a causal link' between the FMLA-protected activity and the adverse action." *Acker*, 853 F.3d at 788 (quoting *Richardson*, 434 F.3d at 332).

Adverse employment decisions in the employment context are not limited to ultimate employment decisions, such as hiring, granting leave, discharging, promoting, and compensating, but include any actions that would dissuade a reasonable employee from exercising his or her rights under the FMLA. *See Lushute v. La., Dep't of Soc. Servs.*, 479 F. App'x 553, 555 (5th Cir. 2012) (per curiam) (citing *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 57 (2006)); *see also Hunt*, 277 F.3d at 769. An employee suffers an adverse employment action under the FMLA, if "a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *McArdle v. Dell Prods., L.P.*, 293 F. App'x. 331, 337 (5th Cir. 2008) (quoting *Burlington N.*, 548 U.S. at 68, and extending its definition of adverse employment action in Title VII retaliation cases to FMLA cases).

Here, Plaintiff makes a vague and conclusory allegation or retaliation because his schedule differed from other PNA IVs when he returned from leave. (doc. 3 at 1.) He does not allege that his schedule differed from before he went on leave, or from others who had not requested FMLA leave. (*See id.*) He has not alleged the third element of an FMLA retaliation claim. His FMLA retaliation claim should therefore be dismissed *sua sponte* for failure to state a claim.

**B.     Labor Law Violations**

Plaintiff also generally alleges "Labor Law violations:"

> Complaint 6: Labor Law violations: 11 days when I got back did not get paid for! As compared to my white peers on my ward when they was off 3 plus times and more at times. I never heard any of these complaints[.]

(doc. 3 at 1.)

To the extent that he intends this to be a separate claim from his other Title VII or FMLA

13

claims, he does not state upon which labor laws he relies. (*See id.*) As noted, regardless of whether a plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal, *Guidry*, 954 F.2d at 281, and a plaintiff must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555. Accordingly, his "Labor Law violations" claim should therefore be dismissed *sua sponte* for failure to state a claim.

C.  **Criminal Statutes**

Plaintiff's complaint also references criminal violations by personnel at the Hospital. (*See* doc. 3 at 17, 20-21, 58.) To the extent that these references can be liberally construed as an attempt to bring civil claims under criminal statutes, "[p]rivate citizens do not have the right to bring a private action under a federal criminal statute." *Sappore v. Arlington Career Inst.*, No. 3:09-CV-1671-N, 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010) (citing *Pierre v. Guidry*, 75 F. App'x 300, 301 (5th Cir. 2003) (per curiam)). They cannot enforce criminal statutes in a civil action. *See Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007); *see, e.g.,Algoe v. Texas*, Nos. 3:15-CV-1162-D, 3:15-CV-1204-D, 2016 WL 6902154, at *9 (N.D. Tex. Sept. 29, 2016) (dismissing civil claim brought pursuant to criminal statutes), *adopted by* 2016 WL 6893682 (N.D. Tex. Nov. 21, 2016). Any claims based on criminal statutes should be dismissed *sua sponte* for failure to state a claim.

## IV. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*,

No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. Nonetheless, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff has not amended his complaint, and it does not appear that he has alleged his best case. He should therefore be accorded an opportunity to amend his complaint to sufficiently state a claim upon which relief can be granted.

## V. RECOMMENDATION

If Plaintiff does not file an amended complaint within the 14 days allotted for objections to this recommendation, or a deadline otherwise set by the Court, Defendant's motion to dismiss should be **GRANTED**, Plaintiff's Title VII discrimination claim should be **DISMISSED with prejudice** for failure to exhaust administrative remedies, and his remaining claims should be *sua sponte* **DISMISSED with prejudice** for failure to state a claim. If Plaintiff timely files an amended complaint, however, the motion to dismiss should be **DENIED as moot**, and the action should be allowed to proceed on the amended complaint.

**SO RECOMMENDED** on this 5th day of June, 2017.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE